**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS,

Plaintiff,

v. Civ. No. 2:26-cv-01896-MIS-GBW

CNRAG, INC., as guardian for VANESSA MENDOZA, VANESSA MENDOZA, in her individual capacity, and YESENIA MENDOZA,

Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS MATTER is before the Court on Defendants CNRAG, Inc., as guardian for Vanessa Mendoza, Vanessa Mendoza, in her individual capacity, and Yesenia Mendoza's ("Defendants") Motion to Dismiss for Failure to State a Claim, ECF No. 4, filed July 6, 2026. Plaintiff American Hallmark Insurance Company of Texas ("Plaintiff") filed a Response, ECF No. 10, on July 20, 2026. Defendants filed a Reply, ECF No. 11, on August 3, 2026. Upon review of the Parties' submissions, the record, and the relevant law, the Court will grant Defendants' Motion to Dismiss.

## I. Background

Defendants move for dismissal of Plaintiff's Complaint for Declaratory Judgment, which asks that the Plaintiff insurance company "be declared not liable under any theory of bad faith insurance practices, including without limitation theories arising from the Unfair Insurance Practices Act, common law, or any combinations thereof, with respect to its conduct in connection with Hallmark Policy Quote Number QNMA100056058/Policy Number NMA100020772."

Compl. at 25, ECF No. 1. Plaintiff asks the Court to make twenty declarations supporting its request. *See id.* ¶¶ 147.a-t.

This case arises from a two-vehicle accident in November, 2016. Mot. at 1, ECF No. 4. A vehicle driven by Robert F. Quintana struck a vehicle occupied by Vanessa Mendoza. *Id.* Mr. Quintana died. *Id.* Ms. Mendoza was rendered paralyzed from the neck down. *Id.* The vehicle driven by Mr. Quintana was insured by Plaintiff for liability coverage in the amount of $25,000 for bodily injury. *Id.* Mr. Quintana was listed as an excluded driver on the policy but the "exclusion was deemed void" at the state court level. Resp. at 3, 3 n.3, ECF No. 10.

In 2018, Ms. Mendoza's attorneys contacted Plaintiff and informed it she had a claim for damages. Compl. ¶ 89, ECF No. 1. Correspondence between the Parties ensued but, per Plaintiff, the Parties did not engage in settlement negotiations. *Id.* ¶¶ 90-109. Litigation between Ms. Mendoza and the Estate of Mr. Quintana commenced in state court in 2019. Mot. at 2-4, ECF No. 4.

Ms. Mendoza named Plaintiff American Hallmark as a defendant in her first amended complaint and Plaintiff filed an answer, counterclaim, cross claim, and a third-party complaint. *Id.* at 3. Plaintiff was concerned that Ms. Mendoza would bring a third-party claim of bad faith about Plaintiff's lack of settlement offers when the parties were in pre-litigation correspondence and therefore Plaintiff sought a declaration from the state court of "no bad faith or other unfair insurance practices" in its counterclaim. *Id.* Plaintiff later withdrew that declaration because "a plaintiff cannot bring a third-party claim for bad faith until a final judgment on liability [and damages] is entered." *Id.* at 6 (quoting Motion for Leave to Amend ¶ 12, ECF No. 4-14). A third-party claim for bad faith in New Mexico is sometimes called a *Hovet* claim. *See Hovet v. Allstate Ins. Co.*, 89 P.3d 69, 76-78 (N.M. 2004)).

Litigation regarding liability and damages continues at the state court level and, although the Estate of Quintana has been found liable, whether liability is final continues to be disputed. Mot. at 7, ECF No. 4. The Estate of Quintana and Ms. Mendoza stipulated to damages, but litigation continues because Plaintiff opposed entry of the stipulated judgment. *Id.* at 9.

Plaintiff seeks a declaratory judgment that will absolve it of liability based on its actions prior to litigation, including that it did not act in bad faith, Compl. ¶ 147.j-m, o-s, ECF No. 1, that Ms. Mendoza failed to present a claim to Plaintiffs prior to the expiration of the state nonclaim statute deadline, *id.* ¶ 147.h, t, that Plaintiff's post-litigation offer of $25,000 "mooted all claims of Vanessa Mendoza against the Quintana Estate," *id.* ¶ 147.i, and that Plaintiff's "conduct cannot be considered a proximate cause of any actual damages to" Defendant Mendoza, *id.* ¶ 147.n.

Defendants argue that this Court should decline to exercise jurisdiction over Plaintiff's Complaint pursuant to the Declaratory Judgment Act ("Act"), 28 U.S.C. § 2201(a), *id.* at 10, per the *Brillhart* abstention doctrine, *id.* at 11 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), and based on the *Mhoon* factors, *id.* at 11-21 (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). Defendants also argue that the declaratory judgment action is not ripe because Ms. Mendoza cannot bring a bad faith settlement claim against Plaintiff until there is a judgment against Estate of Quintana. *Id.* at 22-23. Defendants additionally argue that Plaintiff fails to state a claim because "[d]eclaratory judgment actions are an improper vehicle to obtain a finding of no liability." *Id.* at 23-25. Finally, Defendants argue the Court lacks subject matter jurisdiction as to Defendant Yesenia Mendoza because there is no controversy between Plaintiff and Defendant Yesenia Mendoza, who is Ms. Mendoza's mother and caregiver. *Id.* at 25-27.

Plaintiff responds that it needs "[i]mmediate [d]eclaratory [r]elief" to "clarify the parties' legal relations and allow them to evaluate the prospects of settlement or continuing forward with this litigation." *Id.* at 4-6. Plaintiff argues federal courts have found declaratory action an appropriate way to "resolve an insurer's potential exposure to bad-faith liability," *id.* at 6-7 (citations omitted), and that abstention is unwarranted under *Brillhart*, *id.* at 7-8 (citations omitted). Plaintiff continues that this Court is proper one in which to resolve a claim based on *Hovet*, 89 P.3d at 76, which requires an action for "unfair claims practices based on failure to settle" to be "filed *after* the conclusion of the underlying negligence action." *Id.* at 8-9. Plaintiff argues the *Mhoon* factors support exercising jurisdiction, *id.* at 9-16, or alternatively the Court should stay the case, *id.* at 16-17. Plaintiff also argues the action is ripe and proper. *Id.* at 17-21. Finally, Plaintiff argues Defendant Yesenia Mendoza is a proper Defendant because "she has an interest due to her status as a caregiver, financial provider, and decision maker for Vanessa Mendoza." *Id.* at 21. Plaintiff declares no objection to her dismissal if "Vanessa and Yesenia Mendoza stipulate that [Yesenia] has no interest in the case and would not affect the Court's ability to enter a declaratory judgment providing complete relief." *Id.*

In their reply, Defendants argue Plaintiff is not entitled to immediate declaratory relief, Reply at 1-4, ECF No. 11, *Brillhart* abstention is supported by the *Mhoon* factors, *id.* at 5-8, the action is indeed not ripe and Plaintiff has not stated a claim, *id.* at 8-12, and Plaintiff fails "to meet its burden to demonstrate an actual controversy against Yesenia Mendoza," *id.* at 12.

The Court agrees with Defendants. The Court finds the *Mhoon* factors favor declining to exercise jurisdiction under *Brillhart*.

**II. Legal Standard**

The federal declaratory judgment statute provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[D]istrict courts are 'under no compulsion' to grant declaratory relief but have discretion to do so." *United States v. City of Las Cruces*, 289 F.3d 1170, 1180 (10th Cir. 2002) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)).

> The question for a district court presented with a suit under the Declaratory Judgment Act, the [*Brillhart*] Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

*Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1316 (10th Cir. 2024) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)).

In *State Farm Fire & Casualty Co. v. Mhoon*, the Tenth Circuit listed five factors district courts should consider when deciding whether to exercise jurisdiction to grant declaratory relief:

> [1] whether a declaratory action would settle the controversy;
>
> [2] whether it would serve a useful purpose in clarifying the legal relations at issue;
>
> [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*";
>
> [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> [5] whether there is an alternative remedy which is better or more effective.

31 F.3d 979, 983 (10th Cir. 1994) (citation omitted). The first two *Mhoon* factors are often considered together. *See, e.g., Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 (10th Cir. 2012); *see also St. Paul Fire & Marine Ins. Co. v. Jones*, Civil

Action No. 20-cv-0389-WJM-GPG, 2021 WL 5415869, at *3 (D. Colo. Nov. 19, 2021) (stating that the first two *Mhoon* factors "are best considered together").

**III. Discussion**

The case presents a case or controversy but the Court declines to exercise its discretion to issue a declaratory judgment. The Court finds that the *Mhoon* factors are in favor of declining to exercise the Court's discretion under *Brillhart* and the Declaratory Judgment Act.

**A. This case presents a case or controversy.**

The Court finds the instant circumstances present a case or controversy sufficient to exercise jurisdiction under the Declaratory Judgment Act.

Defendants argue the action is not ripe because "there is no ability for a third-party, like [Ms. Mendoza], to bring a statutory bad faith settlement claim against American Hallmark unless, and until, there is a judgment against Estate of Quintana." Mot. at 22, ECF No. 4, and, in the absence of such action, Plaintiffs cannot pursue a declaratory judgment regarding bad faith, *id.* at 22-23.

Plaintiff responds that the action is ripe based on a plausible threat of subsequent bad faith litigation and that here the "case has progressed far enough that a declaration of no bad faith will have practical consequences." Resp. at 18-19, ECF No. 10 (citations omitted).

Defendants reply that the action is not ripe because there are "substantial legal issues that continue to be litigated in the State Court Action, . . . [including] entry of a judgment against Estate of Quintana, which is an undisputed precondition for any [bad faith] *Hovet* claim." Reply at 9-10, ECF No. 11.

"[A] declaratory judgment suit must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' must be 'real and substantial' and 'admit of specific relief

through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1244 (10th Cir. 2008) (citing *MedImmune, Inc., v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007)). "Put differently, 'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (citation omitted).

"[A] declaratory judgment 'controversy' . . . requires no greater showing than is required for Article III; and . . . the existence of a case or controversy in the Supreme Court's precedents ha[s] never depended on one party taking law-breaking or contract-breaching steps before a declaratory suit could be filed." *Id.* at 1241. This includes cases where there was an "absence of a reasonable apprehension that the declaratory defendant would sue," *id.* at 1242 (citing *MedImmune, Inc.*, 549 U.S. at 136, a case where "the collision-victim defendant could not have sued the declaratory-judgment plaintiff-insurer without first obtaining a judgment against the insured," *id.* at 133 n.4 (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)), and a case where "jurisdiction obtained even though the very reason the insurer sought declaratory relief was that the insured had given no indication that he would file suit," *id.* (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937)).

Per *Hovet*, Defendant Mendoza cannot decide whether to bring a bad faith action until there has been a determination of fault and an award of damages:

> We require that any such action for unfair claims practices based on failure to settle may only be filed *after* the conclusion of the underlying negligence litigation, and *after* there has been a judicial determination of fault in favor of the third party and against the insured.

> A third-party claimant's statutory cause of action against the insurer for unfair settlement practices must await the conclusion of the underlying negligence action between the claimant and the insured. Thus, a third-party claimant may not sue both the insured and the insurer in the same lawsuit. Not only that, the third-party claimant will not even have an action under Section 59A–16–20(E), unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action. This precludes any claims under Section 59A–16–20(E) if the parties settle.

89 P.3d at 76–77 (citations omitted).

The potential *Hovet* claim, however, means the parties have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment even though a judgment is required before Defendant can initiate a state-level bad faith action. *Surefoot LC*, 531 F.3d at 1242-44. The Court may exercise jurisdiction over the complaint and issue a declaratory judgment under the Declaratory Judgment Act, if warranted.

**B. The *Mhoon* factors and *Brillhart* abstention doctrine.**

Based on the *Brillhart* abstention doctrine and the *Mhoon* factors, the Court declines to exercise jurisdiction under the Declaratory Judgment Act.

"[D]istrict courts are 'under no compulsion' to grant declaratory relief but have discretion to do so." *City of Las Cruces*, 289 F.3d at 1180 (quoting *Brillhart*, 316 U.S. at 494-95). The question is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *A-Quality Auto Sales, Inc.*, 98 F.4th at 1316 (citation omitted).

To determine whether the question can be better settled in state court, the Court applies the *Mhoon* factors:

> [1] whether a declaratory action would settle the controversy;
>
> [2] whether it would serve a useful purpose in clarifying the legal relations at issue;

> [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*";
>
> [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> [5] whether there is an alternative remedy which is better or more effective.

31 F.3d at 983. The Court considers the first two factors together. *Mid-Continent Cas. Co.*, 685 F.3d at 982.

**(1) *The first two* Mhoon *factors favor abstention because overall this matter is better settled in state court.***

The first two *Mhoon* factors are "whether a declaratory action would settle the controversy" and "whether it would serve a useful purpose in clarifying the legal relations at issue." 31 F.3d at 983. The Court finds a declaration would not settle all controversies between the parties and, although it would serve a useful purpose, the matter is better left to the state court.

Defendants argue the *Mhoon* factors favor abstention because a declaratory judgment would "not resolve all issues between American Hallmark and [Ms. Mendoza]." Mot. at 12-15, ECF No. 4. Defendants argue "[t]here is substantial overlap between American Hallmark's affirmative defenses, counterclaim, and claims already asserted by the Estate of Quintana for bad faith in the State Court Action, with what American Hallmark seeks here," and since Estate of Quintana is not party to this action, only "State Court Action can resolve all issues." *Id.* at 14-15. Defendants assert that a declaration will also impact ongoing state counterclaims. *Id.* at 13

Plaintiff argues the state counterclaims are independent of allegations of bad faith which will be adjudicated under *Hovet* in a later action. Resp. at 14, ECF No. 10. Plaintiff also argues that declaratory action is appropriate because the ongoing state action cannot resolve the bad faith

claim and this action would have been required eventually at the state level, making this Court the "ideal forum to resolve the dispute" and "settle the *Hovet* controversy." *Id.* at 11-14.

Defendants reply that issues of bad faith are part of the ongoing state issues, claims, and defenses and the existence of related claims in a parallel state action counsels against exercising jurisdiction. Reply at 6, ECF No. 11 (citing *Mid-Continent Cas. Co.*, 685 F.3d at 982 n.3). Defendants continue that this action would "not settle the controversy" and "not serve a useful purpose in clarifying the legal relations at issue, because" the state action will resolve "many of the issues that directly bear on whether America Hallmark is liable for an excess judgment or violated the New Mexico Insurance Code." *Id.*

"[T]he inquiry into whether the declaratory judgment settles a controversy and clarifies the legal relationships at issue is designed to shed light on the overall question of whether the controversy would be better settled in state court." *City of Las Cruces*, 289 F.3d at 1187 (citing *Brillhart*, 316 U.S. at 495). "In some cases, the likelihood a declaratory judgment will resolve the immediate dispute between the parties may tip the scales in favor of exercising jurisdiction." *Mid-Continent Cas. Co.*, 685 F.3d at 982 n.3. "In others, the existence of outstanding claims in a parallel state court action may counsel a different conclusion." *Id.* "Especially relevant may be whether the state court action would necessarily resolve the issues in the declaratory judgment action." *Id.*

Here, a declaration of bad faith would resolve the potential *Hovet* action between Plaintiff and Defendant Vanessa Mendoza. That dispute, however, is not "immediate" but rather depends on further action threatened by Defendant Mendoza, and only if she ultimately obtains a judgment and damages against Estate of Quintana. *See id.*

More importantly, however, Defendants submit evidence that the parties are currently litigating the same facts that would underly a *Hovet* claim: Defendant Mendoza's actions while in

prelitigation correspondence with Plaintiff, i.e., whether she made a timely claim at the state level under the state nonclaim statute. *See e.g.*, Def. Am. Hallmark Ins. Co. of Tex.'s Resp. at 1-7, ECF No. 11-1 (filed by Plaintiff in state court on July 13, 2026, arguing Defendant Mendoza's failure to comply with the nonclaim statute is a jurisdictional question that must be addressed by the court before entering judgment); Pl. Mendoza's Reply at 1-7, ECF No. 11-2. The state court is therefore addressing the same or similar factual circumstances that Plaintiff asks this Court to address. *See* Compl. ¶ 147.h, ECF No. 1 (requesting a declaratory judgment as to whether Defendant Mendoza made "a claim to the Quintana Estate before the nonclaim statute's deadline expired, so the most Vanessa Mendoza may recover is the amount of insurance coverage available to cover the Quintana Estate"); Compl. ¶ 147.n, ECF No. 1 (requesting a declaratory judgment as to whether Defendant Mendoza's "attorneys failed to comply with the nonclaim statute"). A declaratory judgment, therefore, will not be confined to the bad-faith *Hovet* claim but will impact ongoing litigation.

The Court finds this counsels against exercising jurisdiction. Although a declaratory judgment may resolve a potential *Hovet* claim, it will also impact immediate state litigation without settling the controversy. *Mid-Continent Cas. Co.*, 685 F.3d at 982 n.3 ("[T]he existence of outstanding claims in a parallel state court action may counsel [against exercising jurisdiction]."). The Court finds that immediate impact on state litigation is more concerning than resolution of the potential *Hovet* claim. This is the case even though the ongoing state litigation may not resolve the parties' potential *Hovet* dispute prior to its initiation. Overall, this is better resolved in state court. *City of Las Cruces*, 289 F.3d at 1187.

**(2) *The third* Mhoon *factor favors abstention because Plaintiff appears to be using a declaratory judgment for the purpose of procedural fencing.***

The third *Mhoon* factor is whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*." 31 F.3d at 983. The Court finds Plaintiff is attempting to use federal court as a procedural fence and this factor favors abstention.

Defendants argue Plaintiff is using this action for the purpose of procedural fencing and to provide an arena for a race to res judicata because Plaintiff filed this motion (1) after withdrawing an identical motion at state court, (2) shortly before the state entry of judgment which would permit the *Hovet* action to proceed, and (3) while objecting to that judgment to delay its entry. Mot. at 15-18, ECF No. 4.

Plaintiff argues that Defendants' complaint amounts to an objection that Plaintiff "filed this action before getting sued first." Resp. at 15, ECF No. 10 (citation omitted). Plaintiff argues there can be no fencing because the state court is not addressing the issue raised here and there is no race because Defendant Mendoza must "bring her *Hovet* claim in a separate, independently-removable lawsuit." *Id.* at 14-15.

Defendants reply that Plaintiff is attempting to "use this action to obtain rulings on issues for which it has already invoked the state court's jurisdiction to resolve." Reply at 6-7, ECF No. 11 (citing Compl. ¶¶ 147.h, n, t, ECF No. 1).

"A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) (citation omitted). This is appropriate where a plaintiff files a federal suit one day before a defendant filed a promised state court action, *id.*, or where a party files a

short time after it became clear the adjudication was proceeding to judgment, *City of Las Cruces*, 289 F.3d at 1190.

Here, it appears that Plaintiff is using this forum for procedural fencing. First, Plaintiff seeks a declaratory judgment on matters being litigated before the state court. *see* Compl. ¶¶ 147.h, n, t; Def. Am. Hallmark Ins. Co. of Tex.'s Resp. at 1-7, ECF No. 11-1. The Court finds this favors abstention. *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946).

And second, Plaintiff appears to be simultaneously holding up the *Hovet* claim at the state level by objecting to the entry of judgment and pursuing a favorable declaration at the federal level before Defendant Mendoza files a *Hovet* claim. Mot. at 16, ECF No. 4. The Court finds this also favors abstention. *Runyon*, 53 F.3d at 1170.

**(3) *The fourth* Mhoon *factor favors abstention because a declaratory judgment would increase friction with state courts and encroach on state jurisdiction.***

The fourth *Mhoon* factor is "whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." 31 F.3d at 983. The Court finds it favors abstention.

Defendants argue the declaratory judgment action involves purely state law issues regarding whether Plaintiff committed common law and/or statutory bad faith under New Mexico law while handling the insurance claim underlying the pending state court case. Mot. at 18-20, ECF No. 4. Defendants argue exercising jurisdiction would therefore encroach on state jurisdiction to decide those issues. *Id.*

Plaintiff argues that because the *Hovet* action must occur separately, a declaratory judgment will not encroach on state jurisdiction. Resp. at 15-16, ECF No. 10.

Defendants reply that the action seeks declaration "of issues that are currently pending in state court" and therefore encroaches. Reply at 7, ECF No. 11.

Where a state court is the traditional arbiter of an issue, *City of Las Cruces*, 289 F.3d at 1190, or a state court is better situated to determine matters of state law, *Mid-Continent Cas. Co.*, 685 F.3d at 986, courts may find a declaratory judgment encroaches on state jurisdiction and creates friction between federal and state courts.

Here, a declaratory judgment would encroach on state jurisdiction. For example, Plaintiff asks the court to declare that Defendant Mendoza's "attorneys did not present a claim to the Quintana Estate before the nonclaim statute's deadline expired." Compl. ¶ 147.h, ECF No. 1. That likely encroaches on the state court's decision regarding the Motion for Stipulated Judgment, which depends in part on whether "Plaintiff's failure to comply with the nonclaim statue is a jurisdictional question that must be addressed *before* the [state court] may enter judgment." ECF No. 11-1 at 5. The federal declaration would thus require to Court to make a factual finding that likely will be made, and be material, in the underlying state court action. *Addison Ins. Co. v. Rippy*, Civil Action No. 08–cv–00237–PAB–MJW, 2009 WL 723322, at *5-6 (D. Colo. Mar. 18, 2009). This points towards dismissal. *Id.* Even if a declaratory judgment only affects the as-yet unfiled *Hovet* claim, as Plaintiff argues, the state law *Hovet* claim rests on similar factual matters as the issues being briefed in state court. It is more efficient to permit the state court to continue to develop such issues rather than duplicating work which could lead to conflicting results.

Last, Plaintiff's request depends on matters of state law better left to the expertise of state courts. Plaintiff does not ask simply for a declaratory judgment that Plaintiff did not act in bad faith. Rather, Plaintiff asks the Court to rest its judgment on specific standards derived by Plaintiff from state and federal cases. Plaintiff asks the Court to agree with Plaintiff's self-determined

standards from two District of New Mexico cases interpreting state law and four state law cases, one of which is an indirect citation and only one of which is a New Mexico Supreme Court case. Compl. ¶¶ 147.a-f, ECF No. 1 (citations omitted).

Plaintiff then asks the Court to make four findings under the New Mexico Unfair Insurance Practices Act (UIPA): that "punitive damages are not recoverable under the UIPA, *id.* ¶ 147.g (no citation), Plaintiff "did not commit a violation of UIPA," Plaintiff "did not commit a knowing violation of UIPA," and "any violation of UIPA that might have occurred, which is denied, did not proximately cause [Defendant Mendoza] any damages," *id.* ¶¶ 147.p, r-s.

Plaintiff additionally asks for ten more declarations, *all* of which depend on Court interpretation of New Mexico statutes and/or common law. *See id.* ¶¶ 147.h-o, q, t. For instance, Plaintiff asks that the Court declare that "[b]ecause [Defendant Mendoza's] attorneys failed to comply with the nonclaim statute, and because the nonclaim statute's deadline had already expired at the time [Defendant Mendoza's] attorneys contacted [Plaintiff] about a potential insurance claim, [Plaintiff's] conduct cannot be considered a proximate cause of any actual damages to [Defendant Mendoza]," *id.* ¶ 147.n.

State courts are far better situated to determine these matters of state law. *Mid-Continent Cas. Co.*, 685 F.3d at 986; *Mid-Continent Cas. Co. v. Greater Midwest Builders, Ltd.*, No. 09-2066-EFM, 2011 WL 5597329, at *5 (D. Kan. Nov. 17, 2011), *aff'd sub nom. Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977 (10th Cir. 2012) ("[I]n the event Missouri contract law does control the meaning of the policy, Missouri state courts are uniquely suited to that task."). And state courts are the traditional arbiters of state insurance laws, state contract laws, and state common law. *See City of Las Cruces*, 289 F.3d at 1190. While the Court can make declaratory judgments on matters of state law in some circumstances without unduly

increasing friction between the state and federal courts, this is not that case. A declaratory judgment here would involve dozens of findings, all of which would intrude on future state decisions as state courts continued to interpret their own statutes and apply their own case law.

**(4) *The fifth* Mhoon *factor favors abstention because there is a better or more effective alternate remedy in state court proceedings.***

The fifth *Mhoon* factor is "whether there is an alternative remedy which is better or more effective." 31 F.3d at 983. The Court finds the state court could provide a better or more effective alternate remedy and therefore this factor favors abstention.

Defendants argue that a state adjudication would be more effective because it would resolve the ongoing litigation between both Parties and Estate of Quintana and would be the most efficient and effective forum to resolve a *Hovet* claim. Mot. at 20-21, ECF No. 4.

Plaintiff argues that, should the Court decline to exercise jurisdiction, it should stay the case until judgment is entered. Resp. at 16-17, ECF No. 10. Plaintiff does not argue that state adjudication would be less effective. *See generally id.*

Defendants reply that the most effective remedy is to dismiss the action, permit the state to resolve the ongoing litigation and then permit Defendant Mendoza to decide whether to file a *Hovet* complaint. Reply at 7-8, ECF No. 11. The Court agrees with Defendants.

Where "state proceedings would produce a 'more comprehensive and cohesive' remedy, because the rights of all, including the parties to the federal action, would be decided," courts may find that state adjudications are the more effective remedy. *City of Las Cruces*, 289 F.3d at 1191. Courts have found state proceedings to be more effective where third party claims depend on the federal parties, *id.*, where the same issues were involved in pending state insurance, tort, and contract proceedings, *Runyon*, 53 F.3d at 1169, where state courts were better situated to provide

complete relief to all parties in an insurance coverage dispute, *Mid-Continent Cas. Co.*, 685 F.3d at 986, and where the appropriate forum for factual questions underlying insurance coverage is the underlying state case, *Spirit Com. Auto Risk Retention Grp. v. GNB Trucking, Inc.*, No. 1:17-CV-00842 WJ/SCY, 2017 WL 5468670, at *5 (D.N.M. Nov. 14, 2017).

Here, the Court finds state adjudication provides a more effective and comprehensive remedy. First, the underlying factual issues are best resolved at the state level. Defendants claim that a declaratory judgment affects ongoing state litigation. The Court finds this is the case, *supra* III.B.1-3, making the state the most appropriate forum to resolve factual issues on which Plaintiff requests declaratory judgment, *Runyon*, 53 F.3d at 1169. Furthermore, the state court is more appropriate because it can adjudicate the claims of all parties, including Estate of Quintana, which is not a party here. *See City of Las Cruces*, 289 F.3d at 1191.

Even assuming arguendo that Plaintiff is correct that a declaratory judgment only impacts a potential *Hovet* claim, the Court finds a state adjudication will be a more effective and efficient remedy. Where factual questions about bad faith involve myriad statutes and common law standards, *see* Compl. ¶ 147, ECF No. 1, the most appropriate forum is the state courts because they are more familiar with all the aspects of state tort, insurance, and contract law involved, *Mid-Continent Cas. Co.*, 685 F.3d at 986. The state court is "simply better situated to provide complete relief to all parties involved in th[is] coverage dispute." *Id.* Moreover, "Plaintiff provides no reason for this Court to find that the New Mexico state court would provide 'less complete relief than that which is available in federal court.'" *GNB Trucking, Inc.*, 2017 WL 5468670, at *6.

**(5) *Conclusion***

All five *Mhoon* factors favor abstention. The Court therefore declines to exercise its jurisdiction to issue a declaratory judgment under the Declaratory Judgment Act.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that Defendants' Motion to Dismiss, ECF No. 4, is **GRANTED**; Plaintiff's Complaint, ECF No. 1, is **DISMISSED**; all other pending motions are **DENIED AS MOOT**; and this case is now **CLOSED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE